An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGE LUIS PONCE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64965

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of sexual assault of a child and two counts of lewdness with a child under the age of fourteen years. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant argues that the district court abused its discretion by admitting the testimony of an expert psychologist, Dr. Joann Behrman-Lippert, concerning grooming behavior because it did not satisfy the criteria for admissibility under *Hallmark v. Eldridge*, 124 Nev. 492, 189 P.3d 646 (2008). Below, however, appellant objected to the expert's testimony on the ground that it constituted inadmissible character evidence under NRS 48.045. Therefore, appellant's claim is reviewed for plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008).[1]

---

[1]We reject appellant's contention that plain-error review is inappropriate because objecting to the admission of Dr. Behrman-Lippert's testimony would have been futile considering the district court's ruling that Dr. Behrman-Lippert's testimony was relevant. Further, to the extent appellant challenges the district court's consideration of an unpublished decision by this court in ruling her testimony admissible, he

*continued on next page . . .*

In *Hallmark*, this court explained that an expert's testimony must satisfy three requirements for admissibility under NRS 50.275: (1) the expert must be qualified in an area of "scientific, technical or other specialized knowledge"; (2) the expert's specialized knowledge must "assist the trier of fact to understand the evidence or determine a fact in issue"; and (3) the expert's testimony must be limited to "matters within the scope of [the expert's specialized] knowledge." 124 Nev. at 498, 189 P.3d at 650.

With respect to the qualifications requirement, Dr. Behrman-Lippert testified that she had a Ph.D in psychology, held licenses to practice psychology in Nevada and California, had worked extensively in the area of child sexual and physical abuse, had testified previously as an expert on child sex abuse, and understood the concept of grooming. The record supports the qualification requirement for admitting expert testimony. *See id.* at 499, 189 P.3d at 650-51 (noting factors to consider in qualification requirement include formal schooling and academic degrees, licensure, employment experience, and practical experience and specialized training); *see also, Perez v. State*, 129 Nev. ___, ___, 313 P.3d 862, 866-67 (2013).

As to the assistance requirement, we explained in *Hallmark* that this prerequisite is met when the expert's testimony is (1) relevant and (2) the product of reliable methodology. 124 Nev. at 500, 189 P.3d at 651. We concluded in *Perez* "that expert testimony on grooming behaviors and its effect on child victims of sexual abuse may be relevant depending

_____

...*continued*

did not object below and he failed to demonstrate plain error in this regard.




on the circumstances." 129 Nev. at ___, 313 P.3d at 868. In this case, Dr. Behrman-Lippert testified that "grooming involves a series of steps, kind of progressive behaviors that essentially convince a child or adolescent that sexual conduct with an adult is acceptable or okay." She explained that common grooming behaviors included introducing a child to pornography, "beginning with behaviors that might seem okay, like wrestling or tickling" that progress to "actual touching," providing the child with gifts and favors, and spending time with a child. The victim testified that appellant was like a "cool uncle" who played video games with him, gave him rides and gifts (money and video games). He further testified that appellant tickled and wrestled with him and that those acts escalated to sexual encounters. Appellant's sexual abuse of the victim continued for two to three years before the victim reported the abuse—and only after the victim was confronted about his involvement in a sexual incident with his cousin. The victim explained that he did not report the abuse because he was afraid that he would lose his family and cared about his uncle's feelings, as appellant was his uncle's boyfriend. Viewing this in the context of plain error, we conclude that the grooming testimony assisted the jury by explaining how appellant's behavior affected the victim, including the victim's acquiescence in the sexual conduct and his delayed reporting of the abuse, which was relevant to the affirmative defense of consent. *See id.* As to the methodology requirement, we articulated certain factors in assessing that matter in *Hallmark.* 124 Nev. at 500-01, 189 P.3d at 651-52. While Dr. Behrman-Lippert's testimony did not meet all of the factors, we cannot say in the context of plain error that her testimony should have been excluded on this basis. *See Perez,* 129 Nev. at ___, 313 P.3d at 869 (concluding that absence of two *Hallmark* factors in determining reliability of methodology did not render expert's testimony inadmissible).

As to the limited scope requirement, Dr. Behrman-Lippert's testimony was limited to explaining grooming behaviors and their effect on a child victim. Therefore, her testimony was limited to matters within her scope of knowledge.

Considering the factors we set forth in *Hallmark* and the trial record, we conclude that appellant failed to demonstrate that the district court plainly erred by admitting Dr. Behrman-Lippert's testimony. But even assuming error, appellant's rights were not substantially affected considering the victim's testimony and appellant's admissions to the police that he engaged in oral sex with the victim "no more than 30 times" and the facts and circumstances he described during the police interview were largely consistent with the victim's testimony. Appellant's contention that he suffered prejudice because the jury's attention to his consent defense was likely compromised by the grooming testimony is speculative and not borne out by the record. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

Supreme Court
OF
Nevada

(O) 1947A

cc: Hon. David A. Hardy, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk